[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
 FACTS
This action involves a claim for a 1988 Mercury Cougar automobile and its contents that were seized pursuant to a search warrant issued in connection with a criminal case, State v. Walker, Superior Court, judicial district of Ansonia-Milford, Docket No. CR 90-83308. On January 31, 1990, the court, Sequino, J., ordered the property returned to the rightful owner.
The petitioner, Jeffrey A. Walker, was the accused in the underlying criminal case. He has filed a motion, pro se, for the return of the seized property. He claims in his motion that despite the fact that he is the rightful owner of the subject property and has made repeated requests for its return, the property has not been returned to him. He now asks this court to enforce the court's January 31, 1990 order by issuing a writ of execution, pursuant to rule 70 of the Federal Rules of Civil Procedure,[1] ordering Francis McQuade, Assistant States Attorney and Officers Kevin Kelly and William Bartley of the Orange Police Department, to return the subject property to him, or, in the alternative, to pay equitable compensation therefor.
 DISCUSSION
The petitioner brings this motion seeking a writ of execution pursuant to Rule 70 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure do not apply in state court. Those "rules govern the procedure in the United States district courts in all suits of a civil nature whether cognizable as cases at law or in equity. . . ." Rule 1 of the Federal Rules of Civil Procedure.
The disposition of seized property is governed by General Statutes § 54-36a (c), which provides in relevant part that the court: "shall, at the final disposition of the criminal action or as soon CT Page 11823 thereafter as is practical . . . order the return of such property to its owner within six months upon proper claim therefor." General Statutes § 54-36a (c). Owner "means a person or persons entitled to seized property as a matter of law or fact." General Statutes § 54-36a (3).
General Statutes 54-36a (d) provides in relevant part: "When the court orders the return of the seized property to the owner, the order shall provide that if the seized property is not claimed by the owner within six months the property shall be destroyed or be given to a charitable or education institution or to a governmental agency or institution. . . ." General Statutes § 54-36a (d).
Even assuming that the petitioner in the present case has established that he is the owner of the seized property as he is required to do pursuant to § 54-36a (c),[2] eleven years have passed since the court ordered the property returned. The court finds that any property that was in custodia legis in 1990 has been forfeited because the petitioner failed to make a proper claim for the property within the six month time period required by § 54-36a (d). Accordingly, the petitioner's motion is denied.
Joseph H. Sylvester Judge Trial Referee